UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARIA GORDON, on behalf of S.M.C.G.,
a minor,

       Plaintiff,                                  Case Number 18-11432
                                                      Honorable David M. Lawson
v.                                                      Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

       Plaintiff Taria Gordon filed the present action on behalf of her minor child, S.M.C.G., seeking review of the Commissioner's decision denying the minor's claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case "for further analysis." The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on May 16, 2019 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The application for SSI benefits that is at issue in the present appeal was filed on behalf of S.M.C.G. on September 28, 2015, when the child was 15. The plaintiff was still attending high school at the time of the administrative hearing, and the ALJ noted that she had an inconsequential history of occasional work, which the ALJ found did not involve any substantial gainful activity after the date that the application was filed. In her claim for benefits, the plaintiff alleged a disability onset date of February 26, 2015. The claimant asserted that she was disabled due to her hearing loss, asthma, intellectual disability, and communication disorder.

The plaintiff's application for disability benefits was denied initially on April 13, 2016. The plaintiff timely filed a request for an administrative hearing, and on March 14, 2017, the claimant and her mother appeared before ALJ Allison Dietz. On June 12, 2017, ALJ Dietz issued a written decision in which she found that the plaintiff was not disabled. On March 28, 2018, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On May 7, 2018, the plaintiff filed her complaint seeking judicial review of the denial of benefits.

ALJ Dietz determined that S.M.C.G. was not disabled by applying the three-step sequential analysis prescribed by the Secretary for minor claimants in 20 C.F.R. § 416.924(a). As preliminary matters, she found that the claimant had not engaged in substantial gainful activity since September 28, 2015 (step one); and that the child suffered from hearing loss without cochlear implants, asthma, intellectual disability, and a communication disorder, impairments which were "severe" within the meaning of the Social Security Act (step two). However, at the final step of the analysis the ALJ concluded that the claimant was not disabled after determining that none of

the severe impairments alone or in combination met or equaled a listing in the regulations, nor did they functionally equal any listing under the regulations (step three).

As the parties well know, functional equivalence requires the ALJ to evaluate how the child performs in each of six "domains," meaning "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Functional equivalence will be found if the child has "marked" limitations in two domains, or "extreme" limitations in one domain. 20 C.F.R. § 416.926a(b)(1). Only one domain is relevant to this appeal: acquiring and using information.

In her motion for summary judgment, the plaintiff argued that the ALJ's ruling was not based on substantial evidence because: (1) the ALJ erred in concluding that the claimant's impairments did not functionally equal a listing under the regulations, based principally on the finding that in the domain of acquiring and using information the claimant's limitations were not "extreme," (2) when rating the severity of the claimant's limitations, the ALJ did not take into consideration the extensive help that the child required to get through her day as compared to her peers, as required by SSR 09-1p, and, (3) the ALJ failed to consider the child's limitations "longitudinally," as required by SSR 09-1p.

The magistrate judge rejected those positions, collapsing the three arguments into one: that the ALJ should have found from the evidence that the plaintiff's functional impairment in the domain of acquiring and using information was extreme, not merely marked. The magistrate judge noted that both the plaintiff and the Commissioner relied on expansive and imprecise citations of portions of the administrative record that did not contain some of the materials alluded

to in their briefing. Contrary to the plaintiff's description of the claimant's academic trajectory, the magistrate judge found that the school records that actually were presented suggested only a modest decline in academic performance over the course of a single school year, rather than the protracted multi-year decline described by the plaintiff. Moreover, the magistrate judge noted that the records indicated an improvement in academic scores in subsequent years. The magistrate judge also found that the plaintiff's enumeration of the activities that challenged her capabilities was undeveloped and unsupported by the record, consisting principally of a mere verbatim listing of examples of limitations recognized by the regulations.

The magistrate judge also found that the plaintiff had forfeited her claim that she suffered from a "chronic" impairment, as described under 20 C.F.R. § 416.924a(b)(8), because she did not develop any argument in support of that position. Finally, the magistrate judge credited the plaintiff's criticism of the ALJ's ruling for its lack of detailed discussion of some information presented by the claimant's school records, but the magistrate judge concluded that the cursory treatment of those portions of the record was not fatal to the credibility of the ALJ's ruling, because the ALJ's determination that the claimant suffered only a "marked" limitation adequately was supported by the opinions of expert evaluators who had reviewed all of the records, and the ALJ properly had reviewed and weighed those opinions in addition to the ALJ's own assessment of the academic information, and the claimant's and her mother's testimony.

The plaintiff filed a single objection to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In her sole objection, the plaintiff echoes with renewed vigor the first point that she argued in her motion for summary judgment, contending that the magistrate erred by simply "rubber stamping" the ALJ's defective determination that the plaintiff's functioning in the domain of acquiring and using information was not extremely limited. The plaintiff asserts that the magistrate judge acknowledged the examples of specific limitations recognized under 20 C.F.R. §416.926(g)(3) and SSR 09-3p, but then ignored credible evidence from the child's Individualized Education Plan (IEP) records which indicated that she suffers from "serious problems" or "extraordinary limitations" in "most of those areas." The plaintiff also argues that the magistrate

judge disregarded information in the most recently completed IEP indicating that the claimant was performing below her grade level despite the provision of significant extra instructional hours and allowance of extra time to complete assignments.

The Commissioner responds that (1) the plaintiff's position, again, disregards the medical opinion testimony by a reviewing psychiatrist and speech pathologist who opined that the claimant's limitation was merely "marked" and not extreme, (2) the ALJ's opinion included a discussion of the school records supporting the conclusion that the claimant is able to pass the requirements of her educational curriculum with some assistance, and (3) again, as the magistrate judge noted, the assertions that the claimant has "extraordinary limitations" in discrete activities are unsupported by any citations of the record to substantiate that position. The Commissioner points out, moreover, that the ALJ also relied on testimony by S.M.C.G. and her mother, which backed up the assessment of the claimant's academic progress, where both admitted that, despite receiving lower grades in some subjects, she had excelled in others, and, with the assistance provided for under her most recent IEP, she was (at the time of the administrative hearing) on track to graduate from high school in 2018.

This case illustrates some of the difficulties in attempting to categorize the severity of functional limitations that qualify individuals for government assistance, and the fuzzy border delineating "marked" and "extreme" impairments. The regulations define a "marked" impairment as occurring

> when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.

> "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation will be found

> when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926a(e)(3)(i).

The difference between "serious[]" and "very serious[]" is highly subjective. Tying those characterizations to standardized testing objectifies the distinction somewhat, although the regulations are quick to point out that the Commissioner "will not rely on any test score alone. No single piece of information taken in isolation can establish whether you have a 'marked' or an 'extreme' limitation in a domain." 20 C.F.R. § 416.926a(e)(4)(i). Concerning the specific domain under discussion here, the regulations provide examples of functional limitations:

> (i) You do not demonstrate understanding of words about space, size, or time; e.g., in/under, big/little, morning/night.
> (ii) You cannot rhyme words or the sounds in words.
> (iii) You have difficulty recalling important things you learned in school yesterday.
> (iv) You have difficulty solving mathematics questions or computing arithmetic answers.
> (v) You talk only in short, simple sentences and have difficulty explaining what you mean.

20 C.F.R. § 416.926a(g)(3). These are not elements of a qualification test for a marked or extreme limitation. *Ibid.* ("[T]he examples do not necessarily describe a "marked" or "extreme" limitation."). They are merely examples to be considered along with all the other relevant information in the case record. *Ibid.*

Apparently appreciating the difficulty of quantifying the severity level of this limitation, the Commissioner has issued a Social Security Ruling (SSR) that provides other examples of functional deficits to consider regarding the domain of acquiring and using information.

> • Does not demonstrate an understanding of words that describe concepts such as space, size, or time (for example, inside/outside, big/little, morning/night).
> • Cannot rhyme words or the sounds in words.
> • Has difficulty remembering what was learned in school the day before.
> • Does not use language appropriate for age.
> • Is not developing "readiness skills" the same as peers (for example, learning to count, reciting ABCs, scribbling).
> • Is not reading, writing, or doing arithmetic at appropriate grade level.
> • Has difficulty comprehending written or oral directions.
> • Struggles with following simple instructions.
> • Talks only in short, simple sentences.
> • Has difficulty explaining things.

SSR 09-3p, 2009 WL 396025, at *6 (Feb. 17, 2009).

The plaintiff argues that she checks many of these boxes, and she points to evidence in the record that she believes supports a determination that her limitations in the domain of acquiring and using information are "severe." Accepting all of that as true, it is not enough to obtain relief at this stage of the proceedings, because substantial evidence also supports the ALJ's conclusion that the limitation is "marked" and not "severe."

The basic legal principles for reviewing that decision are well established. The plaintiff has the burden to prove that she is disabled and therefore entitled to benefits. *Boyes v. Sec'y of*

*Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). And where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

The magistrate judge has done the heavy lifting in her thorough discussion of the record evidence, and the Court need not repeat those findings here, as they are faithful to the record. The ALJ considered the evidence that the plaintiff cites as supporting her conclusion that the impairment in the domain is "extreme," although, as the magistrate judge observed, the ALJ could have done a better job discussing the various individualized education plans (IEPs). But the ALJ — and the plaintiff — also "must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). And when substantial evidence supports both sides of the proposition, the parties find themselves in

that "zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotation marks and citations omitted).

The magistrate judge has adequately laid out the evidence in the record that the ALJ relied upon to reach her decision. That evidence fairly can be described as "substantial." Where, as here, the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The plaintiff's objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objection to the report and finds that it lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 13) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection (ECF No. 14) is **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 12) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**, and the complaint is **DISMISSED WITH PREJUDICE**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Date: July 29, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 29, 2019.

> s/Susan K. Pinkowski
> SUSAN K. PINKOWSKI

---